**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gainey Ranch Community Association, an Arizona-nonprofit corporation; and The Pavilions Council of Co-owners, an Arizona non-profit organization,<br><br>    Plaintiff,<br><br>vs.<br><br>Rune Kraft, an individual; Trancycle; Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan; Oldcastle Precast, Inc.; John Does and Jane Does I through X; Black Corporations I through X; and White Partnerships I through X,<br><br>    Defendants. | CIV 17-2092-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Dismiss for lack of subject matter jurisdiction (Doc. 7). Plaintiffs contend that "the Superior Court is the proper venue in which to litigate this matter." The Court construes Plaintiff's Motion to Dismiss for lack of subject matter jurisdiction as a "motion to remand" to state court. After considering the arguments raised by the parties in their briefings, this Court finds that it lacks subject matter jurisdiction over the matter, and, as such, this matter should be remanded to state court.

## BACKGROUND

On September 1, 2015, Plaintiff Gainey Ranch Community Association ("Gainey Ranch") filed their original Complaint in the McDowell Mountain Justice Court. Plaintiffs alleged that Rune Kraft and Trancycle breached contractual obligations to pay past due

assessments and late fees relating to the property located at 7272 E. Gainey Ranch Rd., Unit Number 100, Scottsdale, Arizona 85250 ("Unit 100"), as well as pay attorneys' fees and costs. At the time that the Complaint was filed, the total amount owed to Gainey Ranch was $4,306.62 (the "loss amount"), and therefore fell under the Justice Court's jurisdiction, pursuant to A.R.S. § 22-201(C).

The case remained in the Justice Court until Plaintiff realized that its loss amount then exceeded the Justice Court's jurisdictional limit of $10,000, pursuant to A.R.S. § 22-201(C). On December 7, 2016, Plaintiff filed a motion to transfer the case to state court. The Justice Court granted Plaintiff's Motion, and the case was transferred to the Maricopa County Superior Court on December 28, 2016.

Plaintiff thereafter discovered that Unit 100 was eligible for foreclosure, and as such ordered a "litigation Guarantee" which revealed Defendants Kraft and Trancycle as record owners. As such, Plaintiff amended its complaint to add a foreclosure claim, and to add co-plaintiff Pavilions Council of Co-Owners, and defendants Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan ("Inland Concrete") and OldCastle Precast, Inc. ("OldCastle"). In their Amended Complaint, dated March 30, 2017, Plaintiffs assert a loss amount of $43,554.57.

On June 30, 2017 Defendant Kraft filed a Petition for Removal to the United States District Court for the District of Arizona. In his petition, Defendant Kraft alleges there exists diversity between the parties, and the amount in controversy exceeds the statutory jurisdictional amount. On July 14, 2017, Plaintiffs filed their motion to remand, disputing the existence of subject matter jurisdiction. Plaintiffs assert that the parties in this case are not completely diverse - that they are all citizens of Arizona. Plaintiffs also assert that the amount in controversy is below the statutory threshold. There is no dispute that on the date Defendant Kraft removed this matter, Plaintiffs claimed that the total loss amount was $62,824.64.

In his response, Defendant Kraft responds and alleges that diversity of citizenship exists as he and co-Defendants Island Concrete and OldCastle are not Arizona citizens. Further, he alleges that the amount in controversy will soon exceed the statutory minimum.

**DISCUSSION**

Federal courts are courts of limited jurisdiction; the Constitution and Congress authorize which matters federal courts may preside over. U.S. Const. art. III, § 2, cl. 1; e.g., Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994). "In general, removal statutes are strictly construed against removal." Luther v. Countywide Home Loans Serv., L.P., 533 F.3d 1031, 1034 (9th Cir. 2008). Federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). Accordingly, any doubt as to the right of removal should be resolved in favor of remand to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

However, a case filed in state court may be removed to federal court by the defendant if the federal court otherwise would have had original jurisdiction. 28 U.S.C. 1441(a). There is a presumption that "a cause lies outside this limited jurisdiction," and the "burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377 (citation omitted).

Plaintiffs' Amended Complaint asserts a cause of action based on the breach of private contractual obligations, which is not an independent basis for federal jurisdiction. See 28 U.S.C. § 1331. Therefore, in order for the Court to have jurisdiction over Plaintiffs' claims, jurisdiction must be predicated on another independent source. To establish subject matter jurisdiction otherwise, the party asserting jurisdiction must show (1) an amount in controversy exceeding $75,000, and (2) complete diversity among opposing parties. 28 U.S.C. § 1332(a). Defendant contends that this action meets both requirements, and therefore removal is appropriate.

**I.     AMOUNT IN CONTROVERSY**

Courts should discourage premature removal. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 691 (9th Cir. 2006). The conditions necessary must exist at the time of the removal. Id.; see also Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997). "[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." See Gaus, 980 F.2d at 567 (citing McNutt v. General Motors

Acceptance Corp., 298 U.S. 178, 189 (1936)). When a the party asserting jurisdiction fails to present to the court any concrete factual evidence that establishes jurisdiction, it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery" even if there is "knowledge that later-discovered facts may prompt a second attempt at removal." Abrego, 443 F.3d at 691.

In their Amended Complaint, Plaintiffs asserted a loss arising out of Defendants' failure to pay of $43,554.57. In their July, 2017, motion to remand, Plaintiffs provide supporting evidence that the loss amount had increased to $62,824.64. Defendant Kraft does not dispute these figures, but projects that the loss amount will exceed $75,000.00 by September, 2017. He bases this prediction on trends in how much the amount has increased each month.

The amounts in controversy as set forth in Plaintiffs' amended complaint and motion to remand is less than $75,000.00 This Court is not required to consider speculation as to how that amount will vary in deciding this jurisdictional issue. Accordingly, Plaintiff has failed to meet his burden of proving the amount in controversy requirement of subject matter jurisdiction.

## II. DIVERSITY OF CITIZENSHIP

Because the amount in controversy requirement for subject matter jurisdiction fails, it is not necessary to determine diversity of citizenship. Nonetheless, Plaintiff also fails to establish citizenship diversity.

For purposes of diversity jurisdiction, there need be complete diversity between all parties, in which no plaintiff shares the same state citizenship with any of the defendants. Exxon Mobil Corp. v. Allapattah Aervs., Inc., 545 U.S. 546, 553 (2005). A corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an individual is determined by his or her domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 851 (9th Cir. 2001). An individual's domicile is his permanent home, where he intends to remain, or return to, indefinitely. Id.

Both Plaintiffs are incorporated in Arizona, and have their principal places of business in Arizona, and as such, are citizens of Arizona. Plaintiffs assert that all of the Defendants are Arizona citizens: Trancycle was incorporated in Arizona in 1993, and is the record owner of

Unit 100; OldCastle Precast, Inc. is incorporated in Arizona and in good standing; Inland Concrete Enterprise, Inc. was a California corporation, but merged with OldCastle; Rune Kraft is the record owner of Unit 100, and an address search lists Unit 100 as his residence. Plaintiffs provide documentation in support of these assertions.

Defendant Kraft does not dispute that Plaintiffs are Arizona citizens. He disputes however, Plaintiffs' assertions regarding Defendants' citizenship: he claims he is not an Arizona citizen because he lives outside of the United States, and has a business address in Delaware. He claims that Inland Concrete is based in California, and that OldCastle is a Washington corporation registered as a foreign corporation in Arizona. He is silent as to the citizenship of Trancycle. Defendant Kraft does not, however, provide any evidence of these bare assertions. The unsupported assertions in Defendant Kraft's Response are insufficient to establish diversity of citizenship.

Thus, as Plaintiffs have not met their burden of demonstrating that the amount in controversy in this matter exceeds $75,000.00, or that there is diversity of citizenship, this Court lacks subject matter jurisdiction to preside over this action. Accordingly, Plaintiffs' motion to remand will be granted.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to Dismiss for lack of subject matter jurisdiction (Doc. 7), be **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Rune Kraft's motion to dismiss (Doc. 2), motion for extension of time (Doc. 6), and motion for sanctions (Doc. 20) are **DENIED**;

**IT IS FURTHER ORDERED** that this matter be remanded to Maricopa County Superior Court.

DATED this 26th day of September, 2017.

Michelle H. Burns
United States Magistrate Judge